

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Ayn B. Ducao*
*Assistant United States Attorney*
*Ayn.Ducao@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4819*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*



February 25, 2014

Terrence C. McAndrews, Esquire
McAndrews Whittaker P.C.
5300 Dorsey Hall Drive Suite 100
Ellicott City, Maryland 21042

Re: United States v. Jeffrey Ellis
    Criminal NO. CCB-13-0050

Dear Mr. McAndrews:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by February 27, 2014, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1. The Defendant agrees to plead guilty to Count One of the Indictment, which charges him with Transportation of Child Pornography, pursuant to 18 U.S.C. § 2252(a)(1). The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

That on or about February 16, 2012, in the District of Maryland,

The Defendant did knowingly transport and ship using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, by any means, including by computer and mails, any visual depiction, the production of which involved the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such depiction being of such conduct, that is, the defendant knowingly transported a visual depiction of a minor engaged in sexually explicit conduct.

## Penalties

3. a. The maximum sentence provided by statute for the offense in Count One to which the Defendant is pleading guilty is as follows: 20 years imprisonment (including a mandatory minimum sentence of five years imprisonment), lifetime supervised release, and a $250,000 fine. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

b. The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

    a.    If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c.    If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d.    The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e.    If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f.    By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the statement of the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g.    If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h.    By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant

recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt:

    **a.    TRANSPORTATION OF CHILD PORNOGRAPHY - Count One**

        (1) The base offense level is twenty two (22) pursuant to U.S.S.G. §2G2.2(a)(2);

        (2) Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the material involved a prepubescent minor or a minor who had attained the age of twelve years (SUBTOTAL: 24);

        (3) This Office and the Defendant do not agree that there is a two (2) level upward adjustment under U.S.S.G. § 2G2.2(b)(3)(F). This Office believes that pursuant to U.S.S.G. § 2G2.2(b)(3)(F), there is a two (2) level increase because there was distribution by other means not specified in U.S.S.G. §§ 2G2.2(b)(3)(A) through (E). The Defendant does not believe that any upward adjustment under U.S.S.G. § 2G2.2(b)(3)(F) is applicable (SUBTOTAL: 24 or 26).

        (4) Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), there is a two (2) level increase because the offense involved the use of a computer and interactive computer service for the receipt of the material (SUBTOTAL: 26 or 28)

(5)   Pursuant to U.S.S.G. § 2G2.2(b)(7), there is a three (3) level increase because there are at least 150 images but fewer than 300 images (SUBTOTAL: 29 or 31).

Thus, the adjusted offense level for Count One is between **29 and 31.**

### b.   ACCEPTANCE

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Accordingly, the final adjusted offense level is **between 26 and 28.**

### Obligations of the United States Attorney's Office

7.   The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct. This Office agrees to make a sentencing recommendation that is within the guideline range that is determined by this Court.

8.   The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

### Forfeiture

9.   The Defendant client agrees to forfeit all right, title and interest in the following items: one (1) Toshiba laptop computer, serial number 69616937Q; one (1) Compaq laptop computer, serial number CNF7125PDP; one (1) Compaq laptop computer; serial number CNF7125PBO; a Canon digital camera, and three external hard drives. The Defendant agrees to assist fully the United States in the forfeiture of these assets. The Defendant agrees to take all

steps necessary to pass to the United States clear title to these assets, including but not limited to executing any and all documents necessary to transfer his interest in any of the above property to the United States, assisting in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The Defendant further agrees that he will not assist a third party in asserting a claim to the foregoing assets in an ancillary proceeding. The Defendant knowingly waives all constitutional, legal and equitable defenses to the forfeiture of the foregoing assets. It is further understood that, in the event that the United States files a civil action or any law enforcement agency initiates a forfeiture proceeding seeking to forfeit these assets, the Defendant will not file a claim with the Court or agency or otherwise contest such a forfeiture action and will not assist a third party in asserting any such claim. It is further understood that the Defendant will not file or assist anyone in filing a petition for remission or mitigation with the Department of Justice concerning the forfeited assets.

### Waiver of Appeal

10. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

   b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the high end of range for offense level 26 and the defendant's applicable criminal history category; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the low end of range for offense level 28 and the defendant's applicable criminal history category.

   c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

        d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

11.      The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

12. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

13. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: /s/ Ayn B. Ducao
Ayn B. Ducao
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

3/4/2014
Date

/s/ Jeffrey Ellis

I am Jeffrey Ellis's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____
Date

/s/ Terrence C. McAndrews, Esquire

## ATTACHMENT A - STATEMENT OF FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Jeffrey Ellis, age 35, is a resident of Decatur Place, Laurel, Maryland. Ellis worked at Northrop Grumman as a cyber systems engineer.

On February 16, 2012, an agent with the Federal Bureau of Investigation ("FBI") working in an undercover capacity signed onto a file sharing program through an Internet-connected computer and engaged user named "mdboi78" in a chat. The user "mdboi78" had a folder called "mdboi78" and allowed the undercover agent to download several images of minors engaged in sexually explicit content from the "mdboi78" folder, including but not limited to the following files: (1) a file entitled "7f69141.jpg", an image of a minor female lying on a bed with her legs spread apart, and a purple object being inserted into vagina; (2) a file entitled "122148514214.jpg", an image of a minor female kneeling between the legs of a male, who has his legs spread apart, and the minor female is holding the male's penis; and (3) a file entitled "1220999253814.jpg", an image of a minor female, not wearing a shirt, with what appears to be semen on her face and a male who is holding his penis near the face of the minor female.

The Internet Protocol (IP) address used by the user "mdboi78" was traced to the user account of Jeffrey Ellis (the Defendant) of a specified address on Decatur Place, Laurel, Maryland 20723. On June 13, 2012, FBI agents executed a search warrant at the Decatur Place address and recovered several items, including one (1) Toshiba laptop computer, serial number 69616937Q; one (1) Compaq laptop computer, serial number CNF7125PDP; one (1) Compaq laptop computer, serial number CNF7125PBO; a Canon digital camera, and at least three external hard drives.

Files containing images of minors engaged in sexually explicit content, including videos, were recovered from several of the items seized items, including two of the external hard drives; the Toshiba laptop computer, serial number 69616937Q and hard drive; and the Compaq laptop computer, serial number CNF7125PDP. At least 250 images were recovered. Chats involving the user "mdboi78" and logs were also recovered from the Toshiba laptop computer, serial number 69616937Q and hard drive.

Part of the chats recovered from the above-described Toshiba hard drive involving the user "mdboi78" included conversations in which "mdboi78" described he was having sex with a girl who was approximately thirteen years old who lived with him and had been having sex with her for approximately two years. During the chat, "mdboi78" also sent a photo of this girl that "mdboi78" claimed he was having sex with to the person with whom "mdboi78" was chatting. The child was identified via the photo and law enforcement interviewed the child who advised that she did not have sex with the Defendant. The Defendant also denies actually having sex with the child but he chatted about having sex with her online.

On June 13, 2012, the Defendant was interviewed by FBI agents. The Defendant stated that he owned the Toshiba laptop computer and the hard drive. He stated further that he had installed the file sharing program on the Toshiba laptop computer; and admitted that his user name was "mdboi78."

All of the images and videos described in this statement of facts were on the above-referenced media each of which were manufactured outside the State of Maryland. In addition, the file sharing program is accessed using the Internet, which involves the use of interstate and foreign commerce.

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it.

Jeffrey Ellis
Defendant

I am Mr. Ellis's attorney. I have carefully reviewed the statement of facts with him.

Terrence C. McAndrews, Esquire